

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Mr. Wilde:

Opinion No. 0-5986
Re: No conflict in Opinions
No. 0-2546, 0-2582 and
0-2560.

We have your opinion request of recent date in which you call our attention to an apparent conflict in our opinions No. 0-2546, 0-2582 and 0-2560, which you have in your possession.

We will describe said opinions briefly as follows:

Opinion No. 0-2546, holds, in substance, that if the population of Nueces County, according to the official 1940 Federal Census, shows to be above the maximum population bracket set out in Section 13 of Article 3912e, V.A.C.S., then the provisions of said section and article as applying to counties within such population brackets shall not apply for the year 1941, and the officers of such county for said year of 1941 shall be compensated only by an annual salary of not less than the total sum earned as compensation by them in their official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officers under laws existing August 24, 1935.

Opinion No. 0-2582 holds, in substance as pertinent to your question, that Travis County having a population of 77,777 on August 24, 1935 (According to 1930 Federal Census), an increase of such population under the Official Federal Census of 1940 to 110,686 inhabitants, would not bring such county into a higher population bracket as set out in Articles 3883 and 3891, V.A.C.S. (100,001 - 150,000), and would have no

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

effect on the compensation to be paid the salary officers of such county for the year 1941.

Opinion No. O-2560 holds, in substance, that as Limestone County comes within the 37,501 to 60,000 population bracket (according to the 1930 Federal Census) as provided in Articles 3883 and 3891, V.A.C.S., and also comes within the 20,000 to 37,500 population bracket (according to the 1940 Federal Census) and has an assessed valuation in excess of Fifteen Million Dollars, as provided in Section 13 of Article 3912e, the salary officers of such county could receive a compensation for the year 1941 of the maximum allowed under said Articles 3883 and 3891 for counties within such population bracket, as first above set out, plus the amount allowed under Section 13 of said Article 3912e for counties coming within the population bracket and above the assessed valuation, as next above set out.

We are unable to find any conflict in these opinions and we believe that they correctly state the law in regard to their subject matter.

We call to your attention that the provisos in Section 13 of said Article 3912e, in regard to the increased compensation in counties coming within their terms, are dependent upon the last preceding Federal Census for their applicability in any future fiscal salary year; while the population brackets as contained in said Articles 3883 and 3891, by the terms of said Article 3912e, are made applicable only in fixing the maximum amount of compensation allowed in those counties coming within the terms and limits of said Articles 3883 and 3891 on August 24, 1935, and once such maximum is so fixed it stays fixed regardless of future changes of population in such countes, except as increased by percentage under the provisions of Section 13 of said Article 3912e.

Trusting this will aid you in your study of said opinions, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 3, 1944
Geo. P. Blackburn
Acting ATTORNEY GENERAL OF TEX.

By          (signed)
          Robert L. Lattimore
               Assistant

RLL:FF:JCP

APPROVED:
Opinion Committee
By C. S., Chairman